LOBRANO, Judge.
This appeal arises out of an incident wherein Frank and Salvador Locascio allege they were physically and verbally abused by defendant Christopher Maurice, an officer of the New Orleans Police Department. After a trial on the merits, judgment was rendered in the defendant’s favor, dismissing plaintiffs’ suit at their costs. Plaintiffs perfected this appeal, the sole issue being of a factual nature.
The pertinent facts are as follows. On June 20, 1981 plaintiffs, while exiting the I — 10 at Franklin Avenue, were forced to go around a stalled vehicle in the left lane. While swerving to the right their vehicle nearly struck another vehicle being driven by defendant, Maurice. Both vehicles then stopped and defendant exited his car, carrying a revolver. Frank Locascio also exited his van while his son Salvador remained inside. Maurice’s four year old son and a cousin were in the defendant’s vehicle where they remained.
At this time, it appears that both parties began to engage in a verbal assault lasting several minutes. Defendant identified himself as a police officer and instructed Lo-cascio to remain on the scene until additional police could arrive to “impartially” handle the situation. Frank Locascio refused to stay and instead entered his son’s van and proceeded to leave the scene. Officer Maurice testified that the Locascios then disregarded a red traffic signal and upon seeing this decided to give chase. Additionally defendant stated he saw a revolver in Salvador Locascio’s hand through the open passenger window.
Defendant followed plaintiffs to their residence at which time he asked to see Salvador Locascio’s drivers license. After several requests and refusals, the defendant frisked him for a weapon and upon finding none left temporarily to phone for additional police assistance. Apparently Frank Locascio had entered the residence and had also phoned for the police.
The police arrived, searched for weapons, found none and after talking with the various parties departed.
In this appeal plaintiffs allege, first, that they were deprived of a fair trial because of inadequate representation by counsel. The lack of proper representation in a civil case is not an error committed by the trial court either in its appreciation of the facts or the application of those facts to the law. Thus it is not properly an issue before this court on appeal. If plaintiffs felt their representation in the lower court was improper they have additional avenues to seek relief.
Secondly plaintiffs cite as reversible error a “verbal accusation” allegedly made by the trial judge toward Frank Locascio *8 while his son was testifying. The pertinent colloquy is as follows:
“The Court. Mr. Locascio, stop nodding.
Mr. Locascio. I am nervous Your Honor.
The Court. Your nodding is matching the answers I am hearing. It may not be intentional don’t do it.
Mr. Locascio. I didn’t mean to do it.
The Court. When I talk to you, you listen. I'm going to fix it somehow or other so that your son can’t see you. Your nodding is matching his answers. When you shake your head he answers, ‘No.’ When you do this (demonstrating) he answers ‘Yes.’ I am not accusing you but I am telling you to stop nodding. Do you understand what I am saying. Next question, Sir.”
The trial judge acted properly and within his discretion in attempting to prevent the elder Mr. Locascio from coaching his son in what answers to give the court.
Thirdly, plaintiffs argue that a subpoena duces tecum served on defendant was not complied with. The record clearly indicates that plaintiffs are mistaken in this regard. The following discourse between the court and counsel:
“The Court:
All right. We’ll take the matter up on the merits. Are there any subpoena duc-es tecums issued by plaintiff we can get a return on at this point?
Mr. Perry:
I have been given the complete folder that counsel assures me is the complete documents from the City of New Orleans.
The Court:
You are satisfied with the return? Mr. Anzelmo:
Yes.
Mr. Perry:
Yes, Your Honor.”
Finally, Locascio cites as error the trial court’s allowing and basing its decision on “conflicting testimony” amongst defendant and his witnesses during the trial. They are thus contending that based on defendant’s evidence, the trial court committed manifest error in holding Maurice’s actions to be justified under the facts and circumstances of the case.
Defendant testified that he saw Salvador Locascio with a revolver and searched him only after Locascio refused to show any identification. Under these facts and circumstances, the trial court held the defendant’s actions to be reasonable. We see no reason to disturb that finding. After carefully reviewing the entire record we cannot say that the decision of the trial court is clearly wrong.[1]
For the above and foregoing reasons the judgment of the trial court is affirmed. Appellant to bear all costs of this appeal.
AFFIRMED.

. We note that plaintiffs in their brief to this Court attach to same the investigation report of the Internal Affairs Division of the Police Department. This document was not introduced into evidence at the trial, and does not form part of the record. It has not been considered by this Court.